IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CHAD ALEXANDER                                                                                          PLAINTIFF

V.                                                                                       NO. 3:22-CV-226-DMB-RP

DOMINOS PIZZA, et al.                                                                              DEFENDANTS

ORDER

On September 22, 2022, Chad Alexander filed a complaint in the Circuit Court of Lafayette County, Mississippi, against Dominos Pizza, Davis Pizza Enterprises, Brett Brown, and "Jane and John Does 1-10," alleging sexual orientation employment discrimination, retaliation, wrongful termination, and intentional/negligent infliction of emotional distress. Doc. #2. Asserting federal question jurisdiction, Davis Pizza removed the case to the United States District Court for the Northern District of Mississippi on October 19, 2022.[1] Doc. #1.

The same day, Davis Pizza and Brown moved "to dismiss this action without prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(3), or in the alternative pursuant to the doctrine of forum non conveniens because … Alexander's claims against them are subject to arbitration." Doc. #3 at 1. "Alternatively," they ask the Court to "stay the action under 9 U.S.C. §3-4 while the parties arbitrate this dispute as required by the Arbitration Agreement." *Id.* at 2. Alexander did not respond to the motion to dismiss. But the parties later submitted to the Court a proposed agreed order on the motion which, among other things, (1) states that Alexander "does not admit nor has he confirmed that he signed the arbitration agreement in this case; however, without contesting that issue, [Alexander] consents to the

---

[1] According to the docket, Davis Pizza and Brown are represented by the same attorney; however, the notice of removal was filed and signed only on behalf of Davis Pizza. *See* Doc. #1 at 3.

arbitration provisions as set forth in Exhibit 'A' to [the motion];"[2] and (2) "dismisses this case without prejudice."

Based on the parties' agreement to dismiss this case without prejudice,[3] this case is **DISMISSED without prejudice**. The motion to dismiss [3] is **DENIED as moot**.

**SO ORDERED**, this 18th day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] The proposed agreed order also includes language that "Domino's Pizza should [sic] is an improperly named defendant and should be dismissed" and "Plaintiff's actual employer was Davis Pizza Enterprises, Inc."

[3] As the parties were advised on November 8, the Court declines to sign and enter their proposed agreed order on the motion to dismiss because it includes relief not mentioned much less requested in the motion to dismiss. Though the Court also advised the parties they may stipulate to dismissal without prejudice in accordance with Rule 41 to the extent they wished to include matters beyond that requested in the motion to dismiss, the parties have taken no action in that regard. The Court's dismissal of this case pursuant to the parties' agreement in no way negates any other agreements and understandings among them.